# EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **COLE WILLIAMS and NOVACK LAZARE, on behalf of themselves and all others similarly situated,** | : : : : | **CIVIL ACTION NO.:** **3:14-cv-1429 (   )** |
| **Plaintiffs,** | : : | |
| v. | : : | **JURY TRIAL DEMANDED** |
| **GENERAL NUTRITION CENTERS, INC. and GENERAL NUTRITION CORP.,** | : : : : : | |
| **Defendants.** | : | **September 29, 2014** |

## COMPLAINT

**I.     INTRODUCTION**

1.     Cole Williams and Novack Lazare (collectively, "the Plaintiffs"), by their undersigned attorneys, bring this action on behalf of themselves and all others similarly situated against General Nutrition Centers, Inc. and General Nutrition Corporation (collectively, "GNC"), for violations of the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. §§ 31-58 *et seq.*

2.     The Plaintiffs bring this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

3.     The Plaintiffs seek damages and other relief provided by law for GNC's failure to pay them and other class members an overtime premium of one and one-half times their regular hourly rate for all hours they worked in excess of 40 hours in a workweek, as required by Connecticut state law.

4.     Specifically, the Plaintiffs challenge as unlawful GNC's uniform, company-wide policy of calculating overtime for certain non-exempt employees by dividing their total weekly

compensation by the number of hours actually worked in that week, rather than by the "number of hours in the usual work week," as required by § 31-62-D4 of the Regulations of Connecticut State Agencies.

## II.  THE PARTIES

5.  Cole Williams is an adult individual who is a resident of New Haven, Connecticut.

6.  Mr. Williams was employed by GNC as a store manager and assistant store manager in Connecticut from approximately January 2013 through November 2014.

7.  Novack Lazare is an adult individual who is a resident of West Haven, Connecticut.

8.  Mr. Lazare was employed by GNC as a store manager in Connecticut from approximately October 2013 through June 2014.

9.  Each of the Plaintiffs were "employees" of GNC, as that term is defined under the CMWA.

10.  Defendant General Nutrition Centers, Inc. is a Delaware corporation with a principle place of business at 300 Sixth Avenue, Pittsburgh, PA 15222.

11.  Defendant General Nutrition Corporation is a Pennsylvania corporation with a principle place of business at 300 Sixth Avenue, Pittsburgh, PA 15222.

12.  GNC was during the relevant time period and continues to be an "employer," as that term is defined under the CMWA.

13.  GNC is engaged in the business of selling health and wellness products, including vitamins, minerals, and herbal supplements.  GNC conducts this business through a sales

network which includes approximately 3,100 company-owned stores throughout the United States, including approximately 30 stores in Connecticut.

14. As such, GNC has been and is engaged in the "mercantile trade" as that term is defined by § 31-62-D1(c) of the Regulations of Connecticut State Agencies.

### III. JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over the Plaintiffs' claims pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000 and the parties are citizens of different states.

16. GNC is subject to personal jurisdiction in Connecticut.

17. GNC maintains a place of business in Connecticut.

18. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to claims in this Class Action Complaint occurred in this District.

### IV. APPLICABLE LAW

19. The CMWA requires employers to pay each of their non-exempt employees overtime for all work performed in excess of 40 hours per week at a rate not less than one and one-half times each employee's regular hourly rate. Conn. Gen. Stat. § 31-76c.

20. Connecticut's Mercantile Trade Wage Order requires that employers calculate the "regular hourly rate" for employees who are paid a commission for their earnings by "dividing the employee's total earnings by the number of hours in the usual work week." Conn. Agency Reg. § 31-62-D4.

## V. FACTUAL ALLEGATIONS

### A. Cole Williams

21. Cole Williams worked as a store manager in GNC's Orange, Connecticut store and as an assistant store manager in GNC's Farmington, Connecticut store.

22. Throughout his tenure as a store manager and assistant store manager, Mr. Williams was classified as a non-exempt worker by GNC and paid overtime premiums when he worked over 40 hours in a week.

23. As a store manager and assistant store manager, Mr. Williams was scheduled to work five eight-hour shifts per week, for a total of 40 hours.

24. Mr. Williams occasionally worked more than 40 hours per week.

25. When Mr. Williams worked more than 40 hours in a week, GNC did not calculate his overtime rate by determining his regular rate and multiplying by one and one-half. Instead, GNC calculated his overtime rate by dividing his total weekly compensation by the actual number of hours he worked and multiplying by one-half.

26. For example, for the week ending June 13, 2013, Mr. Williams worked 51 hours and earned a total of $711.58 in salary and commissions, not including compensation for working overtime. GNC should have paid Mr. Williams for 11 hours of overtime, with the overtime rate determined by dividing $660.36 by 40 and multiplying by one and one-half. (This would have resulted in $272.40 in overtime compensation.) Instead, GNC determined Mr. Williams's overtime rate by dividing $660.36 by 51 and multiplying by one-half. (This resulted in $71.22 in overtime compensation.)

**B.     Nelson Lazare**

27.     Nelson Lazare worked as store manager in GNC's Newtown, Connecticut and North Haven, Connecticut stores.

28.     Throughout his tenure as a store manager, Mr. Lazare was classified as a non-exempt worker by GNC and paid overtime premiums when he worked over 40 hours in a week.

29.     As a store manager, Mr. Lazare was scheduled to work five eight-hour shifts per week, for a total of 40 hours.

30.     Mr. Lazare occasionally worked more than 40 hours per week.

31.     When Mr. Lazare worked more than 40 hours in a week, GNC did not calculate his overtime rate by determining his regular rate and multiplying by one and one-half.  Instead, GNC calculated his overtime rate by dividing his total weekly compensation by the actual number of hours he worked and multiplying by one-half.

32.     For example, for the week ending February 8, 2014, Mr. Lazare worked 42 hours and earned a total of $711.58 in salary and commissions, not including compensation for working overtime.  GNC should have paid Mr. Lazare for two hours of overtime, with the overtime rate determined by dividing $711.58 by 40 and multiplying by one and one-half.  (This would have resulted in $53.37 in overtime compensation.)  Instead, GNC determined Mr. Lazare's overtime rate by dividing $711.58 by 42 and multiplying by one-half.  (This resulted in $16.94 in overtime compensation.)

**C.     The Class**

33.     The Plaintiffs bring this Complaint individually and on behalf of a Connecticut-wide, opt-out class ("the Class").

34.     The Class is comprised of:

All former or current non-exempt employees who worked as store managers and/or assistant store managers for GNC in Connecticut from September 29, 2012, through the date of final judgment in this matter.

35.     The Plaintiffs are members of the Class.

36.     Upon information and belief, the Class consists of over 50 persons. The members of the Class are so numerous that joinder is impractical.

37.     The Class, as defined above, is identifiable and unambiguous based on objective information and criteria, and its members can be located through GNC's payroll records.

38.     The claims and defenses of the Plaintiffs are typical of the claims of all members of the Class. By proving their cases, the Plaintiffs will simultaneously prove the cases of the members of the Class.

39.     Questions of law and fact common to members of the Class predominate over any questions affecting individual members. By way of example, the central common and predominant question affecting all members of the Class is whether GNC violated the CMWA by using the above-described method to calculate overtime pay for members of the Class, rather than dividing total weekly compensation by the number of hours in the "usual work week," as required by Connecticut law.

40.     The Plaintiffs will fairly and adequately represent the Class. The Plaintiffs are willing and able to serve as representatives of the Class, and they have no knowledge of any possible divergent interests between or among them and any members of the Class.

41.     The Plaintiffs have retained highly competent counsel with experience in class actions and complex litigation to provide representation on behalf of the Plaintiffs and the Class.

Case 3:14-cv-01429-VLB Document 251 Filed 09/29/15 Page 7 of 10

6

42. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, which would establish incompatible standards of conduct for GNC.

43. The prosecution of separate actions would also create a substantial risk of adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their abilities to protect their interests.

## VI. LEGAL CLAIMS

**COUNT ONE**                **Connecticut Minimum Wage Act**

44. The Plaintiffs incorporate by reference each and every allegation in paragraphs 1 through 43 above.

45. GNC calculated overtime wages for the Plaintiffs and all other members of the Class by: (a) dividing each employee's wages for that week by the number of hours actually worked that week to determine the hourly rate for that week; and (b) dividing that hourly rate in half to arrive at the amount to be paid per hour for any overtime work in excess of 40 hours in that week.

46. Upon information and belief, GNC was or should have been aware that Connecticut law required GNC to pay members of the Class overtime wages by dividing their total weekly compensation by the "numbers of hours in the usual work week." Conn. Agency Reg. § 31-62-D4.

47. Section 31-62-D4 of the Regulations of Connecticut State Agencies is clear.

48. The "usual work week" for members of the Class was 40 hours per week.

7

49.     Upon information and belief, GNC was or should have been aware that the "usual work week" for the members of the Class was 40 hours per week.

50.     "[U]sual work week" as used in § 31-62-D4 of the Regulations of Connecticut State Agencies, is not synonymous with "actual workweek," which is how GNC calculated overtime for the Class.

51.     GNC's method of overtime calculation was a violation of the CMWA insofar as it did not compensate the members of the Class for overtime work at a rate of one and one-half times their regular hourly rate, as required by Connecticut law.

52.     GNC's conduct in violation of the CMWA was unreasonable, arbitrary, and/or in bad faith.

WHEREFORE, the Plaintiffs, individually and on behalf of the Class, pray for the following relief:

- a. Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and prompt notice to all potential members of the Class in accordance with that Rule;
- b. Designation of the Plaintiffs as class representatives for the Class;
- c. Designation of counsel of record for the Plaintiffs as class counsel for the Class;
- d. Unpaid overtime under the CMWA;
- e. Liquidated damages under the CMWA, *see* Conn. Gen. Stat. § 31-68;
- f. Pre-judgment and post-judgment interest, as provided by law;
- g. Attorneys' fees and costs of suit, including expert fees; and
- h. Such other relief as the Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

                                **THE PLAINTIFFS,**

By: */s/ Robert A. Richardson*
Robert A. Richardson (ct09818)
Joshua R. Goodbaum (ct28834)
GARRISON, LEVIN-EPSTEIN, RICHARDSON,
    FITZGERALD & PIRROTTI, P.C.
405 Orange Street
New Haven, CT 06511
Tel.: (203) 777-4425
Fax: (203) 776-3965
RRichardson@garrisonlaw.com
JGoodbaum@garrisonlaw.com


Richard E. Hayber (ct11629)
HAYBER LAW FIRM, LLC
221 Main Street, Suite 502
Hartford, CT 06106
Tel.: (860) 522-8888
Fax: (860) 218-9555
RHayber@hayberlawfirm.com

*Attorneys for the Plaintiffs*

9